STATE, *ex rel*. DeSoto County v. David Sholtz, as Governor, *et al*.

157 So. 645.
Opinion Filed November 14, 1934.
Rehearing Denied December 12, 1934.

*Leitner & Leitner,* for Relator;

*Cary D. Landis,* Attorney General, and *Robert J. Pleus,* Assistant, for Respondents.

DAVIS, C. J.—Where moneys credited to a county under the terms of Chapter 14486, Acts 1929, and Acts amendatory and supplementary thereto, have never been by the County Commissioners *definitely and specifically* appropriated in the county budget to stand in place of a county or road district tax levy for the payment of county or road district bonds, and likewise have not been otherwise allocated by the Board of Administration in accordance with

Chapter 14486, Acts 1929, such moneys remain subject to the terms of Chapter 15891, Acts 1933 (The Kanner Act), and should be disbursed by the State Board of Administration in accordance with said Chapter 15891, and cannot be withheld by the State Board of Administration to be used in the payment of principal and interest of county or road district bonds as provided in Chapter 14486, Acts 1929, after the County Commissioners have otherwise directed as they are by said Chapter 15891 authorized to do under special circumstances.

But in preparing estimates under Section 14 of Chapter 14486, Acts 1929, as amended by Chapter 15891, Acts 1933, the State Board of Administration is required to perform definite duties imposed upon it by law without reference to what may be done by local authorities, by estimating the amount of money that will be available for the next fiscal year, for each of the accounts provided for in Section 13 of said Chapter 14486. The effect of Section 16 of the same Act is to impose on the State Board of Administration the statutory duty of determining in the first instance what amount of money the counties and road districts shall be required to raise by local taxation for debt service of county or road district bonds, after taking into consideration prospective revenue resources otherwise available and capable of application for the purpose of meeting requirements of debt service.

Therefore it is indispensably necessary that the County Commissioners when undertaking to act in pursuance to the Kanner Act (Chapter 15891) by seeking to avail themselves of the special privileges thereby given, to so exercise their prerogatives in the premises as to *seasonably* place the State Board of Administration officially on notice of their election to take advantage of the Kanner Act. Thus the State Board of Administration can determine and certify in

proper season the correct amounts of money necessary to be raised by county and district taxation in order to meet county and road district debt service requirements as contemplated and provided for by Section 16 of Chapter 14486, Acts 1929, *supra*.

Where the special terms of Chapter 15891 (Kanner Act) authorizing the use of funds to purchase instead of to pay bonds, are not seasonably invoked, the requirement of Chapter 14486, Acts 1929, is that all funds administered by the State Board of Administration shall be applied by said Board to the retirement of the interest and principal of the participating bonds, regardless of instructions received from the counties. It was expressly so indicated by this Court in State, *ex rel.* Florida Nat. Bank of St. Petersburg v. State Board of Administration, 115 Fla. 753, 156 Sou. Rep. 15, where it was said that the Kanner Bill merely gives to the County Commissioners of a county the *option* of getting up their own budget and making their ordinary *ad valorem* levies for bond requirements in due course, if they so choose, so as to become entitled by resolution addressed to the State Board of Administration to direct that all of a part of the county's share of apportioned gasoline revenues be used for the purpose of purchasing depreciated bonds instead of paying same.

Such option must be affirmatively exercised by the County Commissioners and must be so exercised within such proper season during the fiscal year as will enable the State Board of Administration to properly calculate and therefore certify to the affected county the essential amounts which it will have to raise by taxation locally should the special revenues affected by the County Commissioners' resolution adopted under the Kanner Act be removed from computation and consideration in the revenue estimates for the particular fiscal period.

From the pleadings as they now stand, it does; not clearly appear that the State Board of Administration is unlawfully and without legal justification refusing to immediately meet in session as commanded by the alternative writ, to purchase bond offerings that have been approved by the Board of County Commissioners of DeSoto County under the purported authority of the Kanner Act, therefore the demurrer to respondent's return should be overruled and the relator's motion for a peremptory writ of mandamus denied, and it is so ordered.

Demurrer to return overruled.

Motion for peremptory writ of mandamus denied.

WHITIELD, TERRELL and BUFORD, J. J., concur.