STATE, *ex rel.* R. L. WALL, *et al.,* as Board of County Commissioners of Martin County, v. DAVID SHOLTZ, *et al.,* as Board of Administration of the State of Florida, *et al.*

160 So. 877.
Division A.
Opinion Filed April 19, 1935.

*Evans Crary, and Clyde W. Atkinson,* for Relators.

*Cary D. Landis,* Attorney General, and *Robert J. Pleus,* Assistant, for Respondents;

*T. M. Shackleford, Jr.,* as *Amicus Curiae.*

PER CURIAM.—This is an original mandamus proceeding seeking to require the respondents, as the Board of Administration of the State of Florida (created by Chapter 14486, Acts of 1929), to permit Martin County to conduct its fiscal affairs under the provisions of Chapter 15891, Acts

of 1933, known as the "Kanner Act." To the alternative writ of mandamus which was issued in this proceeding, the respondents have filed their motion to quash. The material facts upon which the decision of this case is made to turn have all been pleaded in the alternative writ. So the only proposition that we are required to decide is whether or not a peremptory writ of mandamus is justified in the light of what the alternative writ of mandamus shows to be the surrounding circumstances.

This Court has decided that a county is not authorized to take advantage of the "Kanner Act" above referred to *after* it has already made an appropriation of its allocation of gasoline tax revenues for the particular fiscal year during which a tax levy was due to be made, which was not made, upon the supposition that the gasoline tax revenues rendered the ad valorem tax levy unnecessary. State, *ex rel.* Florida, 117 National Bank of St. Petersburg, v. Sholtz, *et al.,* 115 Fla. 735, 156 Sou. Rep. 15 Compare: State, *ex rel.* DeSoto County, v. Sholtz, 117 Fla. 258, 157 Sou. Rep. 645.

The facts of the present case, however, are to be distinguished from the facts dealt with in the case just cited. The record here shows that on June 13, 1933 (which was very shortly after the enactment of the "Kanner Act"), the Board of County Commissioners of Martin County passed resolutions providing that the county should adopt the provisions of the said Act and thereafter operate thereunder; on July 18, 1933, an estimate made pursuant to Section 2302, C. P. L., 1524 R. P. S., was presented by the Clerk of the Circuit Court to the Board of County Commissioners as provided by law. This estimate by the Clerk embraced an estimate of gasoline tax revenues reasonably to be ex-

pected for the ensuing year, and it is because of this estimate that the present controversy has arisen.

On August 8, 1933, another resolution was passed by the Board of County Commissioners concerning operations under the "Kanner Act" in fixing the prices to be paid for bonds purchased thereunder; also on August 8, 1933, an estimated budget for the county was tentatively adopted in order to be advertised. On August 26, 1933, the final budget was adopted in a meeting of the Board of County Commissioners held on that date and millages fixed and taxes levied accordingly.

On October 30, 1933, it was discovered by the Board of County Commissioners that the estimate of revenues upon which the budget was based had not been corrected to eliminate therefrom the gasoline tax revenues *as an appropriation* to be used for purposes other than those embraced in the county's determination to allocate and use Martin County's gasoline revenues for the purposes of buying in bonds under Chapter 15891, Acts of 1933, *supra*. Accordingly a resolution was adopted by the Board of County Commissioners amending the *record* of the budget adopted by it so as to show that gasoline tax revenues were not intended to be appropriated for debt service, but were intended to be appropriated and had been on June 13, 1933, definitely set apart and appropriated to be used solely for the purchase of bonds in accordance with the "Kanner Act." The resolution recited that its purpose was to correct that which had been inadvertently misstated in earlier proceedings. The record of the earlier proceedings themselves show as a basis for support of the correction that as early as June 13, 1933, the Board of County Commissioners had definitely resolved in writing that it was for the best interests of Martin County to use any and all moneys derived from the gasoline

tax then or thereafter accrued to the account of said county for road and bridge districts therein for the purpose of purchasing at a price below par and at the lowest acceptable offer any road and bridge bonds or other bonds of Martin County, or special districts thereof, "until further notice."

Construing the records of the County Commissioners as a whole, it definitely appears that by virtue of the resolution of the County Commissioners made on June 13, 1933, and duly recorded in the minutes of the Board that the County Commissioners then and there sufficiently availed themselves of the terms of the "Kanner Act" and that the subsequent resolution of the Board adopted on October 30, 1933, was merely a *nunc pro tunc* statement of that fact.

It follows that the alternative writ of mandamus is sufficient in law to warrant the issuance of a peremptory writ of mandamus in accordance therewith in the absence of any special pleading in denial or in confession and avoidance thereof, and that therefore the motion of the respondents to quash the alternative writ should be overruled and the peremptory writ ordered to be issued unless the respondents shall file a further answer or return herein within fifteen days from the date of this order.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur in the opinion and judgment.